UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S subscribing to Policy No. W1124052502, Including the Following Members/Names: Lloyd's Syndicate 510 (Line One) (Kiln), Lloyd's Syndicate 2623 (Beazley), Lloyd's Syndicate 2122 (Agenta), Lloyd's Syndicate 5000 (Travelers), Lloyd's Syndicate 3000 (Markel), Lloyd's Syndicate 1084 (Chaucer), Lloyd's Syndicate 609 (Atrium), Lloyd's Syndicate 551 (Montpelier Re), Lloyd's Syndicate 1003 (Catlin), Lloyd's Syndicate 1200 (Argo), Lloyd's Syndicate 510 (Line Two) (Kiln), Lloyd's Syndicate 4020 (Ark), Lloyd's Syndicate 33 (Hiscox), Lloyd's Syndicate 1036 (O'Farrell), Lloyd's Syndicate 623 (Beasley), Lloyd's Syndicate and Great Lakes re (Munich Re) a/s/o INFIGEN ENERGY LIMITED and GCUBE UNDERWRITING LIMITED, a/s/o INFIGEN ENERGY LIMITED<br><br>     Plaintiffs,<br><br> v.<br><br>JTEKT NOTRH AMERICA CORPORATION,<br><br>     Defendant. | CIVIL ACTION: 2:15-CV-05713<br><br>JURY TRIAL DEMANDED |

### PLAINTIFFS' MOTION TO REMAND THE ACTION TO PHILADELPHIA COURT OF COMMON PLEAS PURSUANT TO 28 U.S.C. §1447

Plaintiffs, Certain Underwriters at Lloyd's subscribing to Policy No. W112405202 and GCube Underwriting Limited, by and through their attorneys, Cozen O'Connor, hereby move this Court pursuant to Federal Rule of Civil Procedure 1447(c) for an order remanding this case to the Court of Common Pleas of Pennsylvania, Philadelphia County, as Defendant JTEKT

North America Corporation (JTEKT) filed a defective removal notice in that it failed to properly allege the parties' citizenship.

In support of this motion, Plaintiffs rely on the accompanying memorandum of law.

Respectfully submitted,

COZEN O'CONNOR

By:   */s/ Daniel J. Luccaro*
      Daniel J. Luccaro, Esq.
      Paul R. Bartolacci, Esq.
      Cozen O'Connor
      One Liberty Place
      1650 Market Street
      Philadelphia, PA 19103
      P: (215) 665-2000
      pbartolacci@cozen.com
      dluccaro@cozen.com
      *Counsel for Plaintiffs*

Dated: November 19, 2015

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S subscribing to Policy No. W1124052502, Including the Following Members/Names: Lloyd's Syndicate 510 (Line One) (Kiln), Lloyd's Syndicate 2623 (Beazley), Lloyd's Syndicate 2122 (Agenta), Lloyd's Syndicate 5000 (Travelers), Lloyd's Syndicate 3000 (Markel), Lloyd's Syndicate 1084 (Chaucer), Lloyd's Syndicate 609 (Atrium), Lloyd's Syndicate 551 (Montpelier Re), Lloyd's Syndicate 1003 (Catlin), Lloyd's Syndicate 1200 (Argo), Lloyd's Syndicate 510 (Line Two) (Kiln), Lloyd's Syndicate 4020 (Ark), Lloyd's Syndicate 33 (Hiscox), Lloyd's Syndicate 1036 (O'Farrell), Lloyd's Syndicate 623 (Beasley), Lloyd's Syndicate and Great Lakes re (Munich Re) a/s/o INFIGEN ENERGY LIMITED and GCUBE UNDERWRITING LIMITED, a/s/o INFIGEN ENERGY LIMITED<br><br>  Plaintiffs,<br><br>  v.<br><br>JTEKT NOTRH AMERICA CORPORATION,<br><br>  Defendant. | CIVIL ACTION: 2:15-CV-05713<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO REMAND THE ACTION TO PHILADELPHIA COURT OF COMMON PLEAS PURSUANT TO 28 U.S.C. §1447**

Plaintiffs Certain Underwriters at Lloyd's subscribing to Policy No. W1124052502 ("Lloyd's")[1] and GCube Underwriting Limited ("GCube"), by and through their undersigned

---

[1] The individual subscribers to this policy identified in the complaint are hereinafter referred to collectively as the Syndicates.

counsel, respectfully submit this memorandum of law in support of their motion to remand this case to the Court of Common Pleas of Pennsylvania, Philadelphia County.

## I. Procedural History

On October 6, 2015, Plaintiffs filed a complaint against JTEKT North America Corporation ("JTEKT") in the Court of Common Pleas of Philadelphia County, April Term, 2015, Docket No. 002745 ("the Complaint").[2] A true and correct copy of the Complaint is attached hereto as Exhibit A. Plaintiffs served the Complaint on the same date. Plaintiffs filed this subrogation action seeking to recover for losses incurred as a result of a fire that occurred on May 3, 2013, in a wind turbine located in Portage, Pennsylvania at the Allegheny Ridge Wind Farm.

On October 20, 2015, Defendant removed the Philadelphia Court of Common Pleas action to this Court based on diversity jurisdiction pursuant to §§ 28 U.S.C. 1332 and 1441. The action was removed to this Court and assigned case number 2:15-cv-05713-PBT. In the Petition for Removal, Defendant asserted that the parties are diverse because it is a citizen of South Carolina and Ohio and the Plaintiffs are citizens of England; therefore, complete diversity exists. However, the Defendant failed to properly assert the citizenship of the plaintiffs by failing to identify the citizenship of each individual Name compromising each of the Lloyd's Syndicates subscribing to the relevant policy as is required to establish diversity jurisdiction in Federal Court. This failure renders Defendant's petition for removal defective in that it fails to show that complete diversity in fact exists.

---

[2] Plaintiffs originally initiated this matter by Writ of Summons on April 27, 2015. At the same time, plaintiffs filed a separate Writ of Summons against Gamesa Wind U.S., LLC, the manufacturer of the subject wind turbine. Plaintiffs intended to have the two matters consolidated at some point but defendant removed the case prior to plaintiffs having the opportunity to do so.

## II. Standard of Review

A defendant may remove an action brought in state court to the district court for the district that embraces the place where the action is pending if the district court has original jurisdiction. 28 U.S.C. § 1441(a).  As the removing party, defendant has the burden of establishing that federal jurisdiction exists. *Janaski v. Dettore*, No. 15-00572, 2015 WL 1573670 (E.D. Pa. Apr. 9, 2015) (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)).

U.S.C. § 1447(c) provides that a party may file a motion to remand on the basis of a procedural defect within 30 days after the removal notice is filed, however a party may raise a jurisdictional defect at any time. *Wilson v. Travelers Inc. Co.*, No. 14-920, 2015 WL 1422569, *13 (E.D. Pa. Mar. 30, 2015) (citing *Ariel Land Owners, Inc. v. Dring,* 351 F.3d 611, 613 (3d Cir. 2003) and explaining that § 1447(c) "is clear that, if based on a defect other than jurisdiction, remand may only be effected by a timely motion").  "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile," federal courts are directed to construe removal statutes strictly and all doubts about jurisdiction should be resolved in favor of remand to the state court. *Janaski*, 2015 WL 1573670 (quoting *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013)).  Therefore, a court "must remand the case 'if any doubt exists over whether removal was proper.'" *Wilson,* 2015 WL 1422569, *13 (E.D. Pa. Mar. 30, 2015) (quoting *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA,* No. 13-3526, 2015 WL 774694, at *2 (3d Cir. Feb. 25, 2015)).

### III. <u>Argument</u>

Defendant JTEKT failed to establish in its Petition for Removal that complete diversity exists between the parties and therefore failed to establish that this Court has jurisdiction to hear the dispute.  This Court has jurisdiction over matters when complete diversity of citizenship exists and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332.  Complete diversity requires that no plaintiff is a citizen of the same state as any defendant; this diversity of citizenship must have existed both when the complaint was filed and when the action was removed. *Janaski*, 2015 WL 1573670 at *2.  JTEKT asserted that both Lloyd's and GCube are foreign corporations each with a principal place of business in London, England.  *See* Petition for Removal at ¶6.  JTEKT stated that it is a domestic company incorporated in South Carolina and maintaining its principal place of business in Ohio. *Id.*

JTEKT failed to properly allege the citizenship of plaintiffs because it did not identify the citizenship of each of the individual Names of the various Syndicates of Lloyd's subscribing to the relevant policy, which must be considered for purposes of establishing diversity jurisdiction.  Lloyd's of London is not a party to this action as it is not an insurance company, rather it is "an exchange or market where various individuals or groups bid on the right to insure a given risk." *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co.*, 177 F.3d 210, 221 (3d Cir. 1999).  Therefore, the fact that Lloyd's may be considered a foreign entity with a principal place of business in England, as JTEKT alleged in its Petition for Removal, is irrelevant for purposes of determining whether complete diversity exists.  Furthermore, the subscribing Syndicates are not legal entities as they do not assume liability or underwrite risks. *Id.*  Each Syndicate is comprised of a group of Names that assume the liability and underwrite risks under each individual policy that they subscribe to. *Id.*  Therefore, the Court must look to the citizenship of each individual

Name in the subscribing Syndicates to determine whether complete diversity exists.  The burden is on JTEKT to establish that each of the individual Names is diverse from JTEKT.  However, JTEKT failed to properly assert the citizenship of each Name in its Petition for Removal thereby preventing the Court from being able to make the proper analysis as to complete diversity.

While this Court has not specifically addressed the issue of citizenship of Lloyd's of London for diversity purposes, the issue has been addressed by other district courts in the Third Circuit.  Courts in the Third Circuit addressing the issue have held that when determining the citizenship of Lloyd's syndicates for purposes of diversity jurisdiction, the citizenship of each individual Name must be considered. *See D'Andrea Constr. Co. v. Old Republic*, No. 13-997, 2014 WL 5018885 (D. N.J. Oct. 6, 2014) (finding that Lloyd's syndicates are analogous to limited partnerships and the citizenship of an unincorporated entity must be determined by the citizen of each individual member, therefore concluding that "diversity jurisdiction must be based on the citizenship of all the Names"); Transamerica *Corp. v. Reliance Ins. Co. of Illinois*, 884 F.Supp. 133, 137 (D. Del. 1995) (finding the Names' citizenship is determinative because "Syndicates are simply groups of several Names"); *Lowsey-Williams v. North River Ins. Co.*, 884 F. Supp. 166, 172 (D. N.J. 1995) (concluding that "citizenship should be based upon all members of the syndicate, i.e., all Names").

This consensus among the district courts within the Third Circuit follows the legal principle that an unincorporated association is not a legal entity and does not have a separate legal identity.  *Transamerica Corp.*, 884 F. Supp. at 137.  Therefore the Syndicates' citizenship is irrelevant as they are not legal entities.  Syndicates are more analogous to partnerships and "the citizenship of an unincorporated entity or partnership is determined by the citizenship of every member." *Lowsey-Williams*, 884 F.Supp. at 170 (citing *Carden v. Arkoma Assocs.*, 494

5

U.S. 185, 199, 110 S. Ct. 1015, 108 L.Ed.2d 157 (1990) (O'Connor, J., dissenting) ("the Court will…count every member of an unincorporated association for purposes of diversity jurisdiction").

Other Circuits have addressed the issue squarely and similarly held that when pleading diversity of citizenship for Lloyd's Syndicates, the citizenship of each Name is considered when evaluating complete diversity because Syndicates are unincorporated associations. *See Underwriters at Lloyd's of London v. Osting-Schwinn,* 613 F.3d 1079, 1082 (11th Cir. 2010) ("A wealth of Supreme Court precedent yields the conclusion that the Lloyd's syndicates, as unincorporated associations, must plead the citizenship of each of their members."); *Indiana Gas Co., Inc. v. Home Insurance Co.*, 141 F.3d 314 (7th Cir. 1998); *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925 (2d Cir. 1998). This Court should look to the other district courts within the Third Circuit as well as other Circuits and similarly conclude that for purposes of determining diversity jurisdiction, the citizenship of all individual Names of each subscribing Syndicate must be considered.

In addition, even if defendant establishes that every individual Name has diverse citizenship from the defendant, the defendant also has the burden to prove that at least one individual Name has an interest in excess of the court's $75,000 jurisdictional threshold. *See Humm v. Lombard World Trade, Inc., 916 F. Supp. 291, 299* (S.D.N.Y. 1996).

## IV. CONCLUSION

Because JTEKT failed to allege the citizenship of each individual Name in the subscribing Syndicates, it has not met its burden to establish that there is complete diversity between the parties such that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Therefore, defendant's

6

Petition for Removal is defective and the action should be remanded to Court of Common Pleas of Pennsylvania, Philadelphia County where the action was initially and properly filed.

                                                Respectfully submitted,

                                                COZEN O'CONNOR

                                                By:   */s/ Daniel J. Luccaro*
                                                        Daniel J. Luccaro, Esq.
                                                        Paul R. Bartolacci, Esq.
                                                        Cozen O'Connor
                                                        One Liberty Place
                                                        1650 Market Street
                                                        Philadelphia, PA 19103
                                                        P: (215) 665-2000
                                                        pbartolacci@cozen.com
                                                        dluccaro@cozen.com
                                                        *Counsel for Plaintiffs*

Dated: November 19, 2015

## **CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I do hereby certify that on November 19, 2015, a copy of the foregoing was electronically filed via the ECF System which provides notice to the following counsel of record:

Richard B. Wickersham, Jr.
POST & SCHELL
Four Penn Center
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
Counsel for Defendant

/s/ Daniel J. Luccaro
Daniel J. Luccaro, Esq.